IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS J. LOWERY,<br><br>           Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, UTAH THIRD DISTRICT COURT, ANTHONY B. QUINN, in his official capacity as Utah Third District Court Judge, SALT LAKE COUNTY SHERIFF'S OFFICE, SALT LAKE METRO JAIL, AND JOHN DOES OR JANE DOES 1-15,<br><br>           Defendants. | Case No. 2:08-CV-70-DAK<br><br>**REPORT AND RECOMMENDATION** |

    Before the court is a complaint filed by Plaintiff Thomas J. Lowery, who is acting *pro se* in this matter. Plaintiff brought this action against the State of Utah, the Utah Third District Court, Judge Anthony B. Quinn, Salt Lake County, the Salt Lake County Sheriff's Office, the Salt Lake Metro Jail, and John or Jane Does 1-15. Plaintiff's complaint alleges violations of 42 U.S.C. §§ 1983 and 1985, of the Americans with Disabilities Act (hereafter "ADA"), and of the Fourteenth Amendment. Plaintiff

seeks declaratory relief, compensatory damages, punitive damages, and injunctive relief against Defendants.

Defendant State of Utah has filed a motion to dismiss arguing that Plaintiff's claims against it should be dismissed based on the doctrine of claim preclusion or, in the alternative, based on judicial and sovereign immunity. (Docket Entry #10.) Plaintiff has opposed the State's motion to dismiss. (Docket Entry #15.)

The court has carefully considered the parties' arguments, Plaintiff's complaint, and the applicable law. The court is also aware that Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, and that section 1915 requires the court to dismiss Plaintiff's complaint sua sponte if it fails to state a claim upon which relief can be granted. Having reviewed Plaintiff's complaint, the court concludes it should be dismissed against all defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff filed his complaint on January 25, 2008, the same day Plaintiff's motion to proceed *in forma pauperis* was granted. (Docket Entries #1-3.) The case was assigned to United States District Judge Dale A. Kimball, who referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket Entry #3, 4.)

Plaintiff has previously filed three similar complaints in this court.  The first complaint was against Utah State Judge Leon A. Dever, the Utah Third District Court, and the State of Utah.  *See* Case No. 2:04-CV-287-ST.  Plaintiff alleged that Judge Dever did not respond properly to Plaintiff's action in order to properly accommodate Plaintiff's five severe mental disabilities during a state court proceeding.  This court dismissed the case *sua sponte,* concluding that Judge Dever enjoyed absolute immunity from the suit because the action was based on acts committed within Judge Dever's official role and were judicial in nature.  *See* Case No. 2:04-CV-287-ST, Docket Entry #20.

Plaintiff then brought a second action in this court against Judge Dever, the Third Judicial District Court of Utah, and the State of Utah.  *See* Case No. 2:05-CV-884-TC.  As in the first case brought, in this second case Plaintiff's claims were based on Judge Dever's dismissal of Plaintiff's state court complaint, and Judge Dever's alleged failure to comply with the ADA by allegedly refusing to properly accommodate Plaintiff's mental disabilities.  This court dismissed Plaintiff's case because it concluded that it was barred by the doctrine of claim preclusion.  *See* Case No. 2:05-CV-884-TC, Docket Entries #57, 59.

Plaintiff's third case before this court, filed on May 8, 2006, was based on similar allegations, but involved State Judge

Anthony B. Quinn instead of Judge Dever.  Along with Judge Quinn, Plaintiff also named the Third Judicial District Court and the State of Utah as defendants.  *See* Case No. 2:06-CV-372-DAK.  Plaintiff alleged violations of the ADA, of 42 U.S.C. §§ 1983 and 1985, of the Fourteenth Amendment, and of the Rehabilitation Act, claiming Judge Quinn improperly dismissed motions and failed to accommodate his five mental disabilities during a state court action in which he was acting *pro se*.  This court dismissed all of Plaintiff's claims *sua sponte*, finding that judicial immunity clearly barred all of Plaintiff's claims in that case. *See* Case No. 2:06-CV-372-DAK, Docket Entries #16, 21.

   Now, in this fourth case, Plaintiff again names Judge Quinn, the Third District Court, and the State of Utah as defendants.  Plaintiff also names Salt Lake County, the Salt Lake County Sheriff's Office, the Salt Lake Metro Jail, and John or Jane Does 1-15 as defendants.  Plaintiff's action arises from the same state court case as the first suit against Judge Quinn, and, as in the earlier cases, alleges that Judge Quinn and the State Court failed to properly accommodate his five mental disabilities and discriminated against him based upon those disabilities.  Plaintiff also brings claims against the bailiffs, Salt Lake County, the Sheriff's Office, and the Metro Jail for the treatment he received during and after an incident in Judge

Quinn's courtroom in which Judge Quinn ordered him restrained. During that incident, Plaintiff became upset, resisted restraint, and was shocked with a taser.  Plaintiff was then taken to a hospital and later jailed.  Plaintiff claims that those actions further denied him of his rights under the ADA, under 42 U.S.C. §§ 1983 and 1985, and under the Fourteenth Amendment.  Plaintiff also alleges that Defendants conspired to deny him his rights under the ADA, under Sections 1983 and 1985, and under the Fourteenth Amendment.

## ANALYSIS

Plaintiff is proceeding *pro se*, and therefore the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  A broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*

When a plaintiff is proceeding *in forma pauperis*, as is the case here, 28 U.S.C. § 1915(e)(2)(B) directs that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  The court must first consider whether Plaintiff's complaint falls within the directive of Section 1915(e)(2)(B).

After carefully reviewing Plaintiff's complaint, the law, and Plaintiff's history in this court, the court concludes that Plaintiff's claims are barred by the doctrine of claim preclusion.  As a result, the court recommends that Plaintiff's complaint be dismissed.

The doctrine of claim preclusion has long been accepted as an important element of the American judicial system.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).  In the Tenth Circuit, claim preclusion bars a claim when three elements exist:  (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."  *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000).  The court hereby determines that all three of these elements exist in this case.

First, a judgment on the merits has been issued in a previous action.  Plaintiff's previous action against Judge Quinn was considered by this court and dismissed with prejudice in a November 15, 2006 final judgment because Plaintiff had failed to state a claim that was not barred by judicial immunity.  *See* Case

No. 2:06-CV-372-DAK, Docket Entry #21, 23.  Dismissal based on failure to state a claim upon which relief can be granted constitutes a final judgment on the merits.  *See Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3.

Second, an identity of the parties or their privies exists in both suits.  Judge Quinn, the State of Utah, and the Utah Third District Court are the identical parties to those in the Plaintiff's previous action against Judge Quinn, so they easily meet the second prong for claim preclusion.  The issue in examining this second prong is whether the remaining defendants are privies to the parties in the previous action for purposes of claim preclusion.

While "[t]here is no definition of 'privity' which can be automatically applied to all cases involving the doctrine of [claim preclusion]," *Lowell Staats Mining Co. v. Philadelphia Electric Co.,* 878 F.2d 1271, 1274-75 (10th Cir. 1989), the Tenth Circuit has held that, at a minimum, privity requires "'a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same.'"  *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) (quoting *Staats*, 878 F.2d at 1275).  Whether parties are in privity is a factual issue left to the district court.  *See Staats*, 878 F.3d at 1276.  In cases such as


this, where the defendants may be in privity, the Tenth Circuit has reiterated that a plaintiff may not relitigate an issue "by the simple expedient of naming [another party] as a defendant in another action." *Id.*

The United States Supreme Court recently gave some guidance regarding when parties may be considered in privity for res judicata purposes. In *Taylor v. Sturgell*, 128 S. Ct. 2161 (2008), the Court listed several situations where privity could be found, including preexisting "substantive legal relationships." *Id.* at 2172.

In the instant case, Salt Lake County, the Sheriff's Office, the Metro Jail, and the bailiffs are being sued because of actions they took at Judge Quinn's direction to restrain and incapacitate Plaintiff in their roles as court security and jail personnel. These defendants engaged in these actions in order to comply with Judge Quinn's orders. These defendants' jobs require them to maintain security in the courtroom and to follow the judge's orders. The court finds that such a relationship amounts to a "substantive legal relationship," *Taylor*, 128 S. Ct. at 2172-73, and constitutes a privity situation. In other words, the court finds that these defendants are privies to Judge Quinn, the State Court, and the State, who were the parties in the

previous action.  As a result, the second prong of claim preclusion is met in this case.

Finally, looking at the third requirement of claim preclusion, there must be an identity of the causes of action in both suits.  Plaintiff may not bring claims which were already brought or should have been brought in a previous action.  *See Mitchell*, 218 F.3d at 1202 (10th Cir. 2000).  To determine identity of the issues, the Tenth Circuit adopts the transactional approach of the *Restatement (Second) of Judgments*, Section 24 (1982):  "What constitutes a 'transaction' or a 'series' is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit."  *Staats*, 878 F.2d at 1274.

Plaintiff's claims in this case and in the previous cases arise out of the same state court action before Judge Quinn.  The events both occurred in the Third District Court in the same state court action before Judge Quinn, just at different hearings.  Although the hearings occurred on different days, they both occurred within a relatively short time and before Plaintiff filed his first action in this court.  Furthermore, Plaintiff alleges in both actions that Judge Quinn conducted the hearings in a way that did not properly accommodate Plaintiff's

disability, and both suits claim violations of the ADA, of 42 U.S.C. § 1983, and of the Fourteenth Amendment.  Taken together, these circumstances reveal that the facts of this case and Plaintiff's previous case are related in time, space, origin, motivation, and would make a "convenient trial unit."  *Staats*, 878 F.2d at 1274.  Rather than filing separate lawsuits regarding separate hearings in the same case before the same judge regarding similar claims, Plaintiff could have and should have brought all his claims in one action, including his section 1985 claim.  Thus, the court concludes that the third prong of claim preclusion is also met in this case.

Plaintiff's claims are barred by claim preclusion.  Plaintiff received a final judgment on the merits in his first suit against Judge Quinn.  He then filed a second suit against identical parties and their privies based on issues that he previously brought, or should have brought.  Claim preclusion policy dictates that Plaintiff should not be able to relitigate his suit against Judge Quinn, the Third District Court, and the State of Utah simply by adding additional parties that should have been included in the first suit.  Neither should the other parties be forced to answer for claims that have already been decided by the court or that should have been brought in the previous suit.

Because Plaintiff's claims are barred by claim preclusion, the court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### RECOMMENDATION

Based on the above, **IT IS HEREBY RECOMMENDED** that Defendant State of Utah's motion to dismiss (Docket Entry #10) should be **GRANTED. IT IS FURTHER RECOMMENDED** that Plaintiff's complaint against all other defendants should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

---

[1] Given Plaintiff's history in this court, the court also recommends that Plaintiff be considered a candidate for the restricted filer list.

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

    DATED this 24th day of February, 2009.

                BY THE COURT:

                _____
                Samuel Alba
                United States Magistrate Judge